1    Robert C. Weiss (State Bar No. 39,929)
     rcweiss@jonesday.com
2    Charles A. Kertell (State Bar No. 181,214)
     cakertell@jonesday.com
3    JONES DAY
     555 South Flower Street, 50th Floor
4    Los Angeles, CA  90071
     Telephone:   (213) 489-3939
5    Facsimile:    (213) 243-2539

6    Attorneys for Plaintiff
     MAG INSTRUMENT, INC.
7

8    Piers Hendrie
     9809 Toppel Cove
9    Austin, TX 78730
     Telephone:   (512) 917-4538
10   Facsimile:    (512) 372-3483

11   President
     XENOPUS ELECTRONIX, LLC
12

JS-6    O

13                   UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16   MAG INSTRUMENT, INC.,                Case No. CV 07-4276 CAS (Ex)

17                 Plaintiff,             **CONSENT JUDGMENT AND**
                                          **PERMANENT INJUNCTION**
18          v.
                                          Hon. Christina A. Snyder
19   XENOPUS ELECTRONIX, LLC and
     DOES 1-10,
20
                 Defendants.
21

22

23

24

25

26

27

28

LAI-2923911v1

1    WHEREAS, plaintiff Mag Instrument, Inc. ("Mag Instrument") and

2  defendant Xenopus Electronix, LLC ("Xenopus") have agreed in a separate

3  agreement to settlement of the matters in issue between them and to entry of this

4  Consent Judgment and Permanent Injunction, it is hereby ORDERED,

5  ADJUDGED, AND DECREED THAT:

6    1.    This is an action for: (1) federal trademark infringement, federal false

7  designation of origin, and federal trademark dilution under the Trademark

8  (Lanham) Act of 1946, as amended, 15 U.S.C. §1051, et seq.; (2) statutory unfair

9  competition under California Business and Professions Code §17200, et seq.; (3)

10  trademark dilution under California Business and Professions Code §14330; (4)

11  common law trademark infringement; and (5) common law unfair competition.

12    2.    This Court has jurisdiction over all of the parties in this action and

13  over the subject matter in issue based on 28 U.S.C. §§1331, 1338(a), 1338(b), and

14  1367(a), as well as 15 U.S.C. §1121(a).  This Court further has continuing

15  jurisdiction to enforce the terms and provisions of this Consent Judgment and

16  Permanent Injunction.  Venue is also proper in this Court pursuant to 28 U.S.C.

17  §§1391(b) and 1391(c).

18    3.    Mag Instrument is a corporation incorporated under the laws of the

19  State of California and has its principal place of business at 2001 South Hellman

20  Avenue, Ontario, California 91761.

21    4.    Xenopus is a limited liability corporation incorporated under the laws

22  of the State of Texas and has its principal place of business at 9809 Toppel Cove,

23  Austin, Texas 78730.

24    5.    For many years, and prior to the acts of Xenopus discussed herein,

25  Mag Instrument has continuously manufactured, advertised, assembled, marketed,

26  sold, and distributed, in interstate commerce, high-quality machined, anodized

27  aluminum, high-intensity, adjustable beam flashlights, including, but not limited to,

28  lines of flashlights under the distinctive trademarks MAG-LITE® and MINI

2

LAI-2923911v1

1   MAGLITE®.  These flashlights are characterized by their distinctive shapes, styles,

2   and overall appearances ("SSOA").  Digital photographs of a D-cell MAG-LITE®

3   flashlight, a C-cell MAG-LITE® flashlight, and a MINI MAGLITE® flashlight are

4   attached hereto as **Exhibits 1-3**, respectively.

5          6.       Mag Instrument has obtained, and is the owner of, federal registrations

6   on the SSOA of the D-cell MAG-LITE® flashlight, the SSOA of the C-cell MAG-

7   LITE® flashlight, and the SSOA of the MINI MAGLITE® flashlight, all of which

8   are valid and enforceable throughout the United States (collectively the "SSOA

9   Trademarks").  Copies of the SSOA Trademarks (United States Trademark

10  Registration No. 2,687,693; United States Trademark Registration No. 2,745,460;

11  and United States Trademark Registration No. 2,074,795) are attached hereto as

12  **Exhibits 4-6**, respectively.

13         7.       The MAG-LITE® and MINI MAGLITE® flashlights are further

14  characterized by the distinctive appearance of an inscription around the

15  circumference of the face cap of the flashlights (hereinafter the "Circumferential

16  Inscription Mark").  The Circumferential Inscription Mark is protected by, at least,

17  three federal trademark registrations (United States Trademark Registration No.

18  1,808,998; United States Trademark Registration No. 1,655,486; and United States

19  Trademark Registration No. 1,667,539), copies of which are attached hereto as

20  **Exhibits 7-9**, respectively.

21         8.       The MAG-LITE® and MINI MAGLITE® flashlights also bear a

22  distinctive logo in the form of a stylized panther's head.  This logo (hereinafter the

23  "Panther Head Logo") is the subject of, at least, three federal trademark

24  registrations (United States Trademark Registration No. 1,928,819; United States

25  Trademark Registration No. 2,776,047; and United States Trademark Registration

26  No. 3,105,299), copies of which are attached hereto as **Exhibits 10-12**,

27  respectively.

28

3

LAI-2923911v1

1     9.     The aforesaid marks, including the SSOA Trademarks, the

2   Circumferential Inscription Mark, the Panther Head Logo, and the word marks

3   MAG® (United States Trademark Registration No. 1,975,632, a copy of which is

4   attached hereto as **Exhibit 13**); MAG INSTRUMENT® (United States Trademark

5   Registration No. 1,715,086, a copy of which is attached hereto as **Exhibit 14**);

6   MAG-LITE® (United States Trademark Registration No. 1,154,816, a copy of

7   which is attached hereto as **Exhibit 15**); MINI MAGLITE® (United States

8   Trademark Registration No. 1,389,804, a copy of which is attached hereto as

9   **Exhibit 16**); MAGLITE® (United States Trademark Registration No. 2,485,515, a

10  copy of which is attached hereto as **Exhibit 17**); MAGLITE® (United States

11  Trademark Registration No. 2,622,179, a copy of which is attached hereto as

12  **Exhibit 18**); MAG CHARGER® (United States Trademark Registration No.

13  2,999,097, a copy of which is attached hereto as **Exhibit 19**); and MAG-LED®

14  (United States Trademark Registration No. 3,104,551, a copy of which is attached

15  hereto as **Exhibit 20**) (hereinafter collectively referred to as the "Subject Marks")

16  are distinctive, nonfunctional, and possess secondary meaning in that they are

17  associated by the trade and consuming public exclusively with Mag Instrument and,

18  as a result, they signify Mag Instrument as the source and/or sponsor of goods

19  bearing such marks.

20     10.     Of the United States Trademark Registrations attached hereto as

21  **Exhibits 4-20**, all are owned by Mag Instrument, all remain in full force and effect,

22  and many have achieved incontestable status.  Mag Instrument has consistently and

23  continuously displayed with the Subject Marks the registration symbol "®" or its

24  equivalent since the Subject Marks have become registered.

25     11.     Xenopus has modified certain D-cell MAG-LITE® flashlights, certain

26  C-cell MAG-LITE® flashlights, and certain MINI MAGLITE® flashlights to emit

27  Ultraviolet (UV) or Infrared (IR) radiation (hereinafter collectively referred to as

28  the "Modified Flashlights").  Xenopus has also marketed, distributed, advertised,

4

LAI-2923911v1

1   promoted, offered for sale, and/or sold these Modified Flashlights.  Relevant pages

2   from the Xenopus Internet website (www.UVflashlights.com) are attached hereto as

3   **Exhibit 21**.

4         12.    Mag Instrument has never licensed, consented to, approved, permitted,

5   or endorsed the modification of Mag Instrument flashlights into UV and/or IR

6   emitters; nor has Mag Instrument ever licensed, consented to, approved, permitted,

7   or endorsed Xenopus' use of Mag Instrument's Subject Marks on or in association

8   with the Modified Flashlights.

9         13.    Because the Modified Flashlights bear Mag Instrument's Subject

10  Marks, Xenopus' marketing, distribution, advertisement, promotion, offer for sale,

11  and/or sale of those products has been, and remains, likely to cause confusion,

12  and/or to cause mistake, and/or to deceive as to apparent affiliation, connection, or

13  association between Xenopus and Mag Instrument, and has been, and is, likely to

14  cause members of the public to believe, incorrectly, that the Modified Flashlights

15  were produced by or under the sponsorship or approval of Mag Instrument;

16  whereas, in fact, Mag Instrument does not approve of Xenopus' appropriation of

17  Mag Instrument's trademarks and trade dress to house UV and/or IR emitters.

18        14.    The appearance on the market of the Modified Flashlights has

19  inflicted, and unless enjoined will continue to inflict, great and irreparable injury

20  upon the reputation and goodwill of Mag Instrument and its Subject Marks, for

21  which injury Mag Instrument has no adequate remedy at law.

22        15.    By manufacturing, marketing, distributing, advertising, promoting,

23  offering for sale, and/or selling the Modified Flashlights, Xenopus has infringed

24  Mag Instrument's Subject Marks and has infringed Mag Instrument's common law

25  trademark rights, in violation of the Lanham Act §43(a), 15 U.S.C. §1125(a).

26  Xenopus' above-recited acts further constitute false designation of origin, false

27  description, false representation, and unfair competition in violation of the Lanham

28  Act §43(a), 15 U.S.C. §1125(a), as such acts are likely to confuse and deceive the

5

LAI-2923911v1

public, including customers and prospective customers at and after the point of sale, into believing that the Modified Flashlights are from, or sponsored by, or approved by, Mag Instrument.

16.     The Subject Marks are distinctive and famous marks.

17.     By reason of Xenopus' acts complained of herein, Xenopus has caused and is causing tarnishment and dilution of the distinctive quality of the Subject Marks, lessening the capacity of the famous Subject Marks to identify and distinguish flashlights in violation of 15 U.S.C. §1125(c).

18.     Xenopus' manufacturing, marketing, distribution, advertising, promotion, offer for sale, and/or sale of the Modified Flashlights bearing the Subject Marks has tarnished and otherwise injured the business reputation of Mag Instrument and will likely cause or has actually caused dilution of the distinctive value of the Subject Marks to identify and distinguish flashlights, in violation of California Business and Professions Code §14330; and such injury and dilution will continue, all to Mag Instrument's irreparable harm, unless Xenopus is enjoined.

19.     In connection with the Modified Flashlights, Xenopus uses the Subject Marks for the purpose of enhancing the commercial value of and/or selling and/or soliciting sales of the Modified Flashlights without the prior consent of Mag Instrument, in violation of California Business and Professions Code §14335(a).

20.     Mag Instrument owns and enjoys common law trademark rights in the Subject Marks, which rights are superior to any rights that Xenopus may claim with respect to the Modified Flashlights.  Mag Instrument's Subject Marks are distinctive, nonfunctional, and possess secondary meaning with the trade and consuming public and are distinctive in the minds of purchasers in that the Subject Marks for flashlights are associated with Mag Instrument.

21.     Because of Xenopus' use of the Subject Marks on and in association with the Modified Flashlights, a likelihood exists that the trade and consuming

LAI-2923911v1

1  public will be confused into the mistaken belief that Mag Instrument is the source

2  of, or has sponsored or approved, the Modified Flashlights.

3       22.    The manufacture, marketing, distribution, advertising, promotion, offer

4  for sale, and/or sale by Xenopus of the Modified Flashlights bearing the Subject

5  Marks in the United States is likely to cause confusion and has caused confusion as

6  to the source, sponsorship, or approval of the Modified Flashlights, in that

7  purchasers and others who see the Modified Flashlights at or after the point of sale

8  will be likely to associate such products, mistakenly, as originating with Mag

9  Instrument, or as being sold with the sponsorship of Mag Instrument, all to the

10  detriment of Mag Instrument.

11       23.    Xenopus' promotion, advertising, offering for sale and sale of the

12  Modified Flashlights bearing the Subject Marks constitutes unfair competition in

13  violation of §17200 et. seq. of the California Business and Professions Code.

14       24.    Xenopus' actions in connection with the Modified Flashlights bearing

15  the Subject Marks are likely to cause confusion, misrepresentation, and/or to cause

16  mistake or to deceive the public as to the affiliation, approval, sponsorship, or

17  connection between Xenopus and Mag Instrument and constitute unfair competition

18  at common law.

19       25.    Xenopus, its agents, officers, servants, employees, and attorneys, and

20  all persons in active concert and participation with them who receive actual notice

21  of this Consent Judgment and Permanent Injunction by personal service or

22  otherwise, are hereby PERMANENTLY RESTRAINED AND ENJOINED from

23  engaging in any of the following activities:

24       (a)    manufacturing, using, marketing, distributing, importing,

25  advertising, promoting, offering for sale, and/or selling the Modified Flashlights;

26       (b)    using any of the Subject Marks, or any other mark, design,

27  reproduction, copy, or symbol that is a colorable imitation thereof, or confusingly

28  similar thereto, in connection with the manufacture, use, marketing, distribution,

7

LAI-2923911v1

importation, advertising, promotion, offer for sale, and/or sale of flashlights or any goods or services not originating from or authorized by Mag Instrument;

        (c)    using any of the Subject Marks, or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

        (d)    representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Xenopus are sponsored, approved, authorized by, or originate from Mag Instrument, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

        (e)    from using any mark, design, reproduction, copy, or symbol that is a colorable imitation of any of the Subject Marks to dilute or tarnish the distinctive quality of any of the Subject Marks;

        (f)    from committing any acts calculated or likely to cause consumers to believe that Xenopus products are Mag Instrument products or are authorized by Mag Instrument, unless they are such; and

        (g)    otherwise competing unfairly with Mag Instrument in any manner.

    26.    Service by mail upon Xenopus, addressed to Piers Hendrie, President, Xenopus Electronix, LLC, 9809 Toppel Cove, Austin, Texas 78730, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice under Federal Rule of Civil Procedure 65.  It shall not be necessary for Xenopus to sign any form of acknowledgement of service.

LAI-2923911v1

27.     The parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED:**

Dated: August 1, 2008

By: _____
Hon. Christina A. Snyder
United States District Court Judge


Approved as to form and content:

Dated:  July 31, 2008                    JONES DAY


By: _____/S/_____
Charles A. Kertell

Attorneys for Plaintiff
MAG INSTRUMENT, INC.

Dated:  July 23, 2008                    XENOPUS ELECTRONIX, LLC


By: _____/S/_____
Piers Hendrie

President
XENOPUS ELECTRONIX, LLC

9

LAI-2923911v1